**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN PARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-1375-RHH |
| | ) | |
| USA TRUCK, LLC, d/b/a DB SCHENKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant USA Truck LLC's Motion to Dismiss or Strike Count II of Plaintiff's Petition.[1] (ECF No. 7.) The motion has been fully briefed and is ripe for decision. For the reasons stated below, Defendant's motion is denied.

## I.     Background

For purposes of the pending motion to dismiss, all facts alleged in the Petition are accepted as true and viewed in the light most favorable to Plaintiff. *Waters v. Madson,* 921 F.3d 725, 734 (8th Cir. 2008).

On August 18, 2025, Plaintiff Brian Parra ("Plaintiff") filed this case in the Circuit Court of Franklin County against Defendants USA Truck, LLC ("Defendant") and Matthew Decelles ("Decelles"). (*See* ECF No. 10.) Plaintiff alleged that Decelles drove a commercial semi-truck tractor-trailer in a Flying J parking lot in Sullivan, Missouri. Decelles attempted to turn and struck Plaintiff's vehicle, which was parked in the same parking lot. At the time of the accident, Plaintiff was lying in the sleeper cab of his vehicle, fell from the bed of the sleeper cab, and sustained injuries. Plaintiff alleges that at the time Decelles was driving, he was an agent or employee of

---

[1] All parties have consented to the jurisdiction of the undersigned Magistrate Judge, as required by 28 U.S.C. Section 636(c)(1). (*See* ECF No. 28.)

Defendant USA Truck, LLC. Plaintiff's two-count petition alleges Negligent Operation of Commercial Motor Vehicle against both defendants (Count I), and Negligent Hiring, Training, Supervision, and Retention against Defendant USA Truck, LLC (Count II).

On September 11, 2025, Defendant USA Truck, LLC removed the case to the United States District Court for the Eastern District of Missouri, citing diversity jurisdiction. At the time of removal, Plaintiff had not served Decelles. On May 18, 2026, after the undersigned issued two show cause orders, a United States District Judge dismissed Plaintiff's claims against Matthew Decelles for failure to timely serve Decelles and failure to comply with the Court's Orders. (ECF No. 27.) Therefore, Count I has been dismissed as to Decelles.

Defendant USA Truck, LLC filed the present motion to dismiss or strike seeking dismissal of Count II of the Petition.[2] (ECF Nos. 7, 8.) Defendant argues Count II cannot proceed because Defendant has admitted *respondeat superior* liability, and under the *McHaffie* Rule, it is improper for Plaintiff to proceed with II because it presents redundant theories of liability for the same injury alleged in Count I. In opposing, Plaintiff argues that *McHaffie* addresses situations where claims were presented to a jury <u>at trial</u>, and Plaintiff is entitled to plead alternative theories at this stage of the proceedings. Defendant did not file a reply brief, and the time to do so has passed.

## II.    Standard

Here, the Court analyzes Defendant's motions under the Federal Rules of Civil Procedure and Missouri state law.[3] *See Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010)

---

[2] Defendant's motion refers to "Plaintiff's First Amended Petition." The Court construes every reference to the First Amended Petition as references to Plaintiff's Petition because no First Amended Petition has been filed.

[3] Defendant states that it brings its motion pursuant to Missouri Rule of Civil Procedure 55.27(a)(6) for failure to state a claim. Defendant also attributes quoted language regarding when the Court may strike matters from a pleading to "Missouri Rule 55(a)(6)," but the quoted language can be found in Missouri Rule of Civil Procedure 55.27(e). (*See* ECF No. 8 at 3.) Plaintiff similarly argues in terms of the Missouri Rules of Civil Procedure. (*See* ECF No. 13.) In any event, Defendant filed its motion to dismiss in federal court, and the case is currently pending in federal court. Therefore, the Federal Rules of Civil Procedure apply. The Court construes Defendant's motion as one made pursuant to Rule 12(b)(6) and 12(f).

("In a diversity action, such as this, we use state substantive law to govern our analysis.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Berk v. Choy*, 607 U.S. 187, 198 (2026) (holding that when a Federal Rule of Civil Procedure answers the same question as a state law, the Federal Rule governs in federal court).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-87 (2009). To survive a motion to dismiss under rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, this Court "must liberally construe [the] complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). In doing so, the Court will "accept as true all of the factual allegations contained in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 554-55).

As to Defendant's requests to strike Count II from the Petition, Federal Rule of Civil Procedure 12(f) provides the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party. While striking a party's pleadings is an extreme and disfavored measure, judges have broad discretion to do so when appropriate under Rule 12(f). *See Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

### III.    Discussion

Defendant argues that Count II must be dismissed or stricken because under Missouri law, allegations of direct negligence, including negligent hiring, training, supervision, and retention, cannot be maintained as an alternative theory of liability where the principal has admitted its agent or employee acted within the scope of his agency and is therefore liable under the doctrine of *respondeat superior.* (*See* ECF No. 8, at 2.) Defendant primarily relies on *McHaffie v. Bunch,* 891 S.W.2d 822 (Mo. 1995) to support this argument.

In response, Plaintiff correctly notes that as early as 2009, judges within this district have rejected Defendant's reading of *McHaffie.* In *Sargent v. Justin Time Transportation, LLC, et al.,* the court explained:

> Pursuant to Rule 8(e), Plaintiff may set forth inconsistent claims in her Complaint. Plaintiff can, therefore, allege that Defendants Haag and Time are one hundred percent liable under two different theories of imputed liability: the doctrine of *respondeat superior* (Count I) and the theory of negligent hiring, supervision, and retention (Count III).
>
> Defendants argue that *McHaffie v. Bunch* stands for the proposition that a complaint cannot allege that Defendants Haag and Time are liable under the theory of *respondeat superior,* as well as a theory of negligent hiring, supervision, and retention. *McHaffie v. Bunch,* 1 S.W.2d 822 (Mo. 1995). Defendants are mistaken. The suit in *McHaffie,* arose from a motor vehicle accident involving a tractor trailer. The tractor trailer was driven by Defendant Farmer. *Id.* at 824. Bruce Transport and Leasing was the owner-lessor of the truck and Rumble Transport was the operator-lessee of the truck. *Id.* Plaintiff's Complaint charged Rumble with negligently hiring and supervising Farmer. *Id* . In a second count, the Complaint charged Bruce and Rumble with vicarious liability for Farmer's negligence. *Id.* Rumble and Bruce conceded Farmer was their employee acting in the course and scope of employment at the time of the collision. *Id.* The Missouri Supreme Court held: "that it was error to permit a separate assessment of fault to defendant Rumble based upon the 'negligent entrustment' or 'negligent hiring' theories of liability. It was also error to *submit evidence* on those theories." *Id.* at 827. (Emphasis added.)
>
> *McHaffie* is not dispositive. At this point in the litigation, Plaintiff is not seeking to submit evidence on two inconsistent theories; Plaintiff is merely pleading two alternative theories of relief. Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e). Although, the Court can, under Federal Rule

of Civil Procedure 12(f), strike from the pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," it is premature to strike Count III at this time. Plaintiff should be afforded the opportunity to conduct discovery on each theory of liability before Plaintiff is required to choose a legal theory. Defendants' Motion to Strike Count III of Plaintiff's Complaint is denied.

*Sargent v. Justin Time Transp., L.L.C.*, No. 4:09-CV-596HEA, 2009 WL 4559222, at \*1–2 (E.D. Mo. Nov. 30, 2009). The undersigned finds the *Sargent* court's analysis of *McHaffie* to be on point.

Additionally, federal district courts have recently relied on *Sargent* in rejecting the *McHaffie* Rule argument at this stage of proceedings.[4] *See, e.g., Owens v. Pugsley*, No. 25-00806-CV-W-JAM, 2026 WL 194816, at \*2 (W.D. Mo. Jan. 26, 2026) ("[T]he *McHaffie* Rule does not prohibit a plaintiff from pleading alternative theories of recovery at the outset of litigation.") (collecting cases); *Snyder v. Knight Transportation, Inc.*, No. 4:25 CV 517 JMB, 2025 WL 1898901, at \*2 (E.D. Mo. July 9, 2025) ("While [plaintiff] may not be permitted to present a jury with the claims contained in Count IV in light of Defendant's admission [of *respondeat superior* liability], he is still entitled to *plead* alternative theories of vicarious liability") (emphasis in original); *Lawler v. Baylor Trucking, Inc.*, No. 4:24-CV-00567-SEP, 2025 WL 986914, at \*3 (E.D. Mo. Mar. 31, 2025) ("Thus, Baylor's reliance on *McHaffie* at this early stage of litigation is misplaced because 'the holding in *McHaffie* concerns the assessment of fault and submission of evidence at trial and does not prevent Plaintiff from pleading alternative theories of recovery under

---

[4] The undersigned notes that in some of the recent cases where a defendant trucking company has made a similar argument, at least one of Defendant's attorneys of record in the present case was also an attorney of record making the argument in the other cases. *See, e.g., Owens v. Pugsley*, 2026 WL 194816 (W.D. Mo. Jan. 26, 2026) (denying defendant's motion to dismiss or strike Count II of the plaintiff's complaint); *Lawler v. Baylor Trucking, Inc.*, 2025 WL 986914 (E.D. Mo. Mar. 31, 2025) (denying defendant's motion to dismiss Count III and strike claims of punitive damages); *Ershen v. Keep Running Trucking Corp.*, 2019 WL 13198752 (E.D. Mo. May 31, 2019) (denying defendant's motion to dismiss or strike the negligent hiring, entrustment, supervision, and/or training claim where defendant admitted that the employee was acting as its agent at the time of the accident for purposes of respondeat superior liability); *Branson v. FAF, Inc.*, 2018 WL 690988 (E.D. Mo. Feb. 2, 2018) (denying motion to dismiss negligent hiring, training, and supervision claim). Despite counsel's involvement in those cases, counsel does not bring this relevant precedent to the Court's attention and/or explain how the cases are distinguishable.

respondeat superior and negligent hiring, training, and supervision.'") (quoting *Ershen v. Keep Running Trucking Corp.,* No. 4:19 CV 1200 RWS, 2019 WL 13198752, at *1 (E.D.Mo. May 31, 2019); *Branson v. FAF, Inc.*, No. 4:17 CV 2847 RWS, 2018 WL 690988, at *2 (E.D. Mo. Feb. 2, 2018) ("The holding in *McHaffie* concerns assessment of fault and submission of evidence at trial. It does not prevent Branson from pleading negligent hiring, training, and supervision."). Here, Plaintiff's argument that a negligent hiring, training, supervision, and retention claim should not be dismissed at the pleading stage because he may present alternative theories of relief is well taken. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.") Plaintiff has not failed to state a claim by pleading an alternative theory of liability notwithstanding Defendant's admission of *respondeat superior* liability, and the Court agrees that dismissal would be premature. Therefore, the motion to dismiss or strike is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant USA Truck, LLC's Motion to Dismiss or Strike Count II of Plaintiff's Petition is **DENIED.** [ECF No. 7.]

Dated this 23rd day of June, 2026.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE